IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GERARDO ALEX RIOS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-122-O |
| | § | |
| SUPERIOR COURT OF TEXAS, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus filed by Petitioner, Gerardo Alex Rios, a citizen and national of El Salvador currently confined at the Etowah County Immigration Detention Center in Gadsden, Alabama, awaiting deportation, against the Superior Court of Texas, Respondent. The applicable filing fee has been tendered. After considering the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Petitioner asserts that in March 2001 he pleaded guilty in Tarrant County, Texas, to one count of evading arrest in Case No. 0768814 and true to allegations in a motion to adjudicate his guilt for burglary of a vehicle in Case No. 0768812 and was sentenced to 70 days' jail time. Pet. 2, Exs., ECF No. 1. Petitioner further asserts that, on March 27, 2014, he was arrested in Carrollton, Texas, for driving with an invalid driver's license. Pet. 2, ECF. No. 1. According to Petitioner, after serving his sentence for driving with an invalid driver's license, he learned for the first time that he had an "ICE hold" on him as a result of his 2001 Tarrant County convictions for burglary of a vehicle and evading arrest. *Id.* 2-3.

In this federal habeas petition, received for filing on February 17, 2015, nearly fourteen years later, Petitioner attempts to challenge his 2001 state convictions. Specifically, Petitioner claims that, because of the Tarrant County convictions, he is subject to mandatory deportation under 8 U.S.C. § 1227(a)(2)(A)(ii) and that, in order to avoid deportation, he must show he was not advised of the immigration consequences prior to pleading guilty to the offenses. *Id.* 3. Toward that end, Petitioner claims his trial counsel was ineffective by failing to investigate and advise him, save for a "generic warning," that his guilty pleas would result in his deportation and by failing to request the trial court impose an alternative, non-deportable sentence. *Id.* 5-14 & Exs. Petitioner relies on the Supreme Court decision in *Padilla v. Kentucky,* 559 U.S. 356 (2010), holding that defense counsel is required to advise a defendant about the risk of deportation arising from a guilty plea.

## II. DISCUSSION

This court has the duty to assure that it has jurisdiction over the matters before it. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3). Further, Title 28, United States Code, Section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] Therefore, no service has issued

---

[1] Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

2

upon Respondent.

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus challenging state court convictions only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) and § 2254(a). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be in custody at the time the petition is filed for a federal district court to have jurisdiction over either a § 2254 or a § 2241 petition. *Maleng v. Cook,* 490 U.S. 488, 490 (1989); *Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987). Generally, the "in custody" requirement is satisfied when the sentence for the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee,* 391 U.S. 234, 238 (1968). While actual physical detention is not required to meet the custody requirement, there must be some restraint on the liberty of a person. *Jones v. Cunningham,* 371 U.S. 236, 243 (1963). In *Maleng,* the Supreme Court held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." 490 U.S. at 492.

In this case, Petitioner's 2001 sentences have long been discharged, and he is currently in custody on an immigration hold. Although his 2001 convictions for burglary and evading arrest may result in his deportation, deportation is a collateral consequence that does not render a person "in custody" for federal habeas purposes. *See United States v. Castro,* 26 F.3d 557, 559 n.3, 561 n.8 (5th Cir. 1994). Thus, the fact that petitioner may be deported as a result of his 2001 convictions is not a sufficient restriction on his liberty to meet the "in custody" requirement of § 2254(a). Because he has fully discharged the state sentences imposed on him, Petitioner's habeas petition must be

dismissed for lack of subject matter jurisdiction.[2]

III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** with prejudice for lack of subject matter jurisdiction.

**SO ORDERED** on this 24rd day of February, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2] Even if the Court had jurisdiction over Petitioner's habeas petition, his claims under *Padilla* are without merit. *Padilla* does not apply retroactively to cases on collateral review. *Chaidez v. United States,—* U.S. —, 133 S. Ct. 1103, 1004 (2013).